844 P.2d 33

**Bruce HENDERSON, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19584.**

Court of Appeals of Idaho.

Dec. 29, 1992.

Manweiler, Bevis & Cameron, Boise, for petitioner-appellant. Paul B. Butler, argued.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen. (argued), for respondent.

PER CURIAM.

The issue we are asked to address in this appeal is whether the district court erred in summarily dismissing Bruce Henderson's petition for post-conviction relief. We vacate the dismissal order, holding that the court erred because it failed to address Henderson's request for a court-appointed attorney to assist Henderson in the post-conviction proceeding.

In June, 1991, acting pro se, Henderson filed a verified petition for post-conviction relief from a 1986 judgment of conviction for lewd and lascivious conduct with a minor. He is presently serving an indeterminate life sentence. Henderson's petition

alleges that he was represented by a public defender who provided him with ineffective assistance of counsel. He generally alleged six instances where the court or his counsel failed to perform their respective duties, resulting in a guilty plea that was not knowingly, voluntarily and intelligently entered and a sentencing hearing where he was prejudiced by the remarks of his own counsel. Seeking to have his judgment of conviction set aside, he asked for appointed counsel from other than the Ada County Public Defender's office, and he requested an evidentiary hearing where proof could be submitted in support of his allegations. The petition, although verified, was not accompanied by any "affidavits, records, or other evidence supporting its allegations" nor did the petition "recite why they [were] not attached," as required by I.C. § 19–4903.

Before the state responded to the petition, as it was required to do by I.C. § 19–4906,[1] the district court gave notice pursuant to I.C. § 19–4906(b) of its intention to dismiss the petition if Henderson did not make a satisfactory reply within twenty days. In its notice, the court addressed each of the grounds for relief which Henderson had stated in his petition. The court included or made reference to portions of transcripts of the 1986 arraignment and sentencing hearings which tended to rebut at least some of the allegations made by Henderson. However, the court never addressed Henderson's request for appointment of counsel.

Henderson responded to the notice of intended dismissal with a memorandum. The court, stating that "[n]othing in the memorandum establishes a right to post-conviction relief," subsequently entered an order dismissing the application.[2] Henderson then filed this appeal.

The dispositive issue in this appeal is whether the district court should have addressed Henderson's request for appointment of counsel before giving notice of its intention to dismiss the petition. Because we hold that it was error for the court to ignore the request, we do not decide whether the court ruled correctly on the merits of the claims in Henderson's petition.

The right of an indigent person to be represented by an attorney in bringing an action for post-conviction relief is conferred by I.C. § 19–4904. The statute provides that if the applicant is unable to pay the expenses of representation

"including stenographic, printing, witness fees and expenses, and legal services, these costs and expenses, and a court-appointed attorney shall be made available to the applicant *in the preparation of the application,* in the trial court, and on appeal, and paid, on order of the district court, by the county in which the application is filed." [Emphasis added.]

*See also Quinlivan v. State,* 94 Idaho 334, 487 P.2d 928 (1971).

In *State v. Young,* 122 Idaho 278, 833 P.2d 911 (1992), the Supreme Court relied upon I.C. § 19–852(b)(1) for its holding that Young was entitled to counsel at a probation revocation hearing. It was undisputed that Young was "needy" within the meaning of the statute, thus the Court did not address what a person who is claiming a right to an attorney at public expense must show. Although the issue of whether Henderson is "needy" is relevant to the determination of whether the court should appoint an attorney for him, the court did not reach this determination given that the court appeared to overlook Henderson's request for counsel. That same statute also

---

1. Idaho Code § 19–4906 provides: "If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application."

2. Henderson's "memorandum" is not in the record for this appeal. Normally, a brief or memorandum is "lodged" with the district court for

use by the presiding judge "and need not be filed of record in the official court file of the action." I.R.C.P. 5(d)(2). On the other hand, the petitioner's "reply" to a notice of proposed dismissal of the petition under I.C. § 19–4906, would be similar to a responsive pleading and the reply would normally be filed so as to become a part of the record.

establishes the right to counsel in a post-conviction proceeding. I.C. § 19–852(b)(3).[3]

The state relies upon the principle that the burden to show indigency rests with the petitioner. Clearly a petitioner's burden to establish his indigency is a prerequisite to court appointed counsel pursuant to I.C. §§ 19–852(b)(3) and 19–4904. *See Phillips v. State*, 108 Idaho 405, 700 P.2d 27 (1985) (petitioner must show indigency under I.C. § 19–4904; *see also Quinlivan v. State, supra* (requirement that person seeking appointed counsel provide court with evidence of indigency is not unreasonable). *Phillips* could be interpreted to require that in all cases under I.C. § 19–4904, a petitioner must initially show indigency, or the opportunity to make such a showing is waived.[4]

The state asserts that *Phillips v. State, supra*, supports the proposition that where Henderson failed to allege indigency, either in his petition or in a separate affidavit, he is not entitled to counsel. We do not think that *Phillips* is dispositive of this issue on appeal. First, Phillips requested transcripts which are (a) commonly not as expensive as an attorney and (b) arguably not as crucial, because once counsel is provided, often more relevant and cogent arguments are made by counsel regarding such issues as the need for transcripts. The converse is not true, however, in that once a petitioner has transcripts, he or she will not necessarily be empowered to demonstrate indigency and thus an entitlement to counsel. Moreover, in *Phillips*, the district court denied the motion and concluded that Phillips had not complied with I.C. § 19–4904. In this case, the court did not even address Henderson's request for counsel. *Compare Quinlivan v. State, supra*, (peti-

tioner given opportunity to provide information regarding claimed indigency status, but refused).

It is preferable for a petitioner to support a request for appointed counsel with an affidavit of indigency. However, we hold that where the court is aware that a petitioner has been incarcerated for over five years, was represented by a public defender in the previous proceeding and the petitioner requests the court to "appoint counsel," if the court intends to deny the request for counsel based upon a failure to make the required showing of indigency, the court should notify the petitioner and give him an opportunity to make the required showing. It seems reasonable for a petitioner to assume that, where counsel was provided in the criminal proceeding based upon indigency, counsel will be provided at the post-conviction stage—if the petitioner requests counsel and such a right exists. Conversely, it is unreasonable to deny a petitioner, who was previously found to be indigent and entitled to counsel at public expense, an opportunity to demonstrate indigency once a request for appointed counsel has been made.

In this case, the district court did not even address Henderson's request for an attorney. Without addressing Henderson's request for an attorney, the court prematurely dismissed the petition in light of the potential for an attorney to aid Henderson in avoiding summary dismissal. Additionally, had the court indicated in its notice of intention to dismiss petition that it was not going to appoint counsel, Henderson would potentially have been able to supply the necessary affidavits showing indigency

---

3. Right to counsel of needy person—Representation at all stages of criminal and commitment proceedings—Payment.—

(b) A needy person who is entitled to be represented by an attorney under subsection (a) is entitled: ...

(3) to be represented in any other post-conviction or post commitment proceeding that the attorney or the needy person considers appropriate, unless the court in which the proceeding is brought determines that it is not a proceeding that a reasonable person with

adequate means would be willing to bring at his own expense and is therefore a frivolous proceeding.

4. In *Phillips*, the Court affirmed the trial court's denial of the motion for the preparation of transcripts at county expense because no showing of indigency was made. 108 Idaho at 408, 700 P.2d at 30. In his dissent, Bistline, J., states that Phillips was not even given the opportunity to make a showing of indigency. *Id.* 108 Idaho at 409, 700 P.2d at 31 (Bistline, J., dissenting).

within the twenty days prescribed by statute. *See* I.C. § 19–4906(b).

We vacate the order dismissing Henderson's petition for post-conviction relief and remand the case to the district court for consideration of Henderson's request for counsel.