908 P.2d 590

**Joseph L. FOLLINUS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21942.

Court of Appeals of Idaho.

Dec. 26, 1995.

Roberts & Robinson, Caldwell, for appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Attorney General, Boise, for respondent.

PERRY, Judge.

Joseph L. Follinus appeals from the district court's summary dismissal of his post-conviction application. He further contends that his counsel during the post-conviction proceedings was ineffective. We affirm.

## I.

### FACTS AND PROCEDURE

Follinus was found guilty by a jury of possession of ephedrine with intent to manufacture methamphetamine, possession of methamphetamine with intent to deliver, and manufacturing methamphetamine. For each offense, the trial court sentenced Follinus to three concurrent unified terms of twenty years, with minimum periods of incarceration of seven years. Follinus appealed to the Idaho Supreme Court, which upheld his con-

victions and sentences. *See State v. Follinus*, 124 Idaho 26, 855 P.2d 863 (1993).

Follinus filed a pro se application for post-conviction relief, claiming that his trial counsel was ineffective by failing to request a hearing to challenge the search warrant affidavit and further failing to properly pursue a claim that the independent source doctrine is not an exception to the warrant requirement under Article I, Section 17 of the Idaho Constitution. As requested by Follinus, the district court appointed counsel to represent him in the post-conviction proceedings. The state filed an answer and a motion for summary disposition. The district court, however, issued a notice of intent to dismiss the application and provided Follinus twenty days to respond. The application was dismissed by the district court three months later, after no further action was taken by Follinus or his counsel.

Follinus appeals claiming that he was entitled to an evidentiary hearing prior to dismissal of his application and that his counsel was ineffective during the post-conviction proceedings below. The district court again appointed new counsel for Follinus in this appeal.

## II.

## ANALYSIS

Follinus contends that the district court erred by summarily dismissing his application without an evidentiary hearing. An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App.1992). Summary dismissal of an application pursuant to Idaho Code Section 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the petition. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to a motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of a petition for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence for the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Hays v. State*, 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct.App.1987); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

On review of a dismissal of a post-conviction application, without an evidentiary hearing, we will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court will liberally construe the facts and reasonable inferences in favor of the non-

**900**

moving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

■ Summary dismissal is appropriate where the record from the criminal action or other evidence conclusively disproves essential elements of the applicant's claims. *Stuart v. State,* 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Cooper v. State,* 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975); *Remington v. State,* 127 Idaho 443, 446–47, 901 P.2d 1344, 1347–48 (Ct.App.1995). *See also Dunlap v. State,* 126 Idaho, 901, 906, 894 P.2d 134, 139 (Ct.App.1995) (police affidavit was sufficient to support issuance of search warrant, and defense attorney therefore was not deficient in failing to move to suppress evidence on ground that warrant was illegally issued); *Stone v. State,* 108 Idaho 822, 826, 702 P.2d 860, 864 (Ct.App.1985) (record of extradition proceedings disproved applicant's claim that he was denied right to counsel in those proceedings). In this respect, summary dismissal is analogous to summary judgment proceedings in an ordinary civil action, where the defendant may obtain summary judgment if the defendant disproves one or more essential elements of the plaintiff's cause of action. *See, e.g., Badell v. Beeks,* 115 Idaho 101, 102, 765 P.2d 126, 127 (1988).

■ In order to prove a claim of ineffective assistance of counsel, an applicant must show that the attorney's conduct fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). There is a strong presumption that trial counsel's performance falls within the wide range of professional assistance. *Id.* An applicant must not only show incompetence, but must also show that the deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Ivey v. State,* 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). In order for the applicant to satisfy the second prong of the *Strickland* test, he or she must establish that there is a reasonable probability that the outcome of

the trial would have been different. *Aragon v. State,* 114 Idaho at 761, 760 P.2d at 1177.

**A. Summary Dismissal of Application Without an Evidentiary Hearing**

■ Follinus first contends that he received ineffective assistance of counsel in the underlying criminal proceedings and that the district court erred in summarily dismissing his application without a hearing on this issue. Follinus claims that the search of his home and the seizure of evidence, which was later admitted at trial, was authorized by a search warrant issued based upon a faulty affidavit. Follinus alleged in his post-conviction application that the affiant in support of the search warrant "presented deliberately false information regarding the weapons and chemicals on the premises, as well as the previous conviction record of the suspect in order to influence the magistrate in issuance of the warrant." Follinus claims that his trial counsel was deficient in failing to request a hearing in which to test the veracity of the affiant. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

In *Franks,* the United States Supreme Court held that if a criminal defendant makes a sufficient showing that the affiant attested to information that was deliberately false or that was presented in reckless disregard for the truth the defendant may have a right to challenge the search warrant. If, when the alleged false material is excised, the remaining content of the warrant affidavit is insufficient to support a finding of probable cause, the defendant is entitled to a hearing to determine if the warrant issued in reliance on the affidavit is invalid. "[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support probable cause, no hearing is required." *Id.,* at 171–72, 98 S.Ct. at 2684–85.

Follinus's trial counsel filed a motion to suppress the evidence seized pursuant to the search warrant, the supporting affidavit of which Follinus now claims should have been challenged pursuant to *Franks.* After an evidentiary hearing, the trial court in the

criminal action denied the motion to suppress. Follinus filed a direct appeal with the Idaho Supreme Court. The Supreme Court affirmed the trial court's denial of the suppression motion and stated:

> While we do not condone the officer's warrantless entry into the residence, the circumstances of the case and our prior decisions establish that pursuant to the independent source doctrine, the trial court correctly refused to suppress the evidence seized pursuant to the search warrant.

*State v. Follinus,* 124 Idaho 26, 28, 855 P.2d 863, 865 (1993). In the post-conviction proceedings below, the state filed an answer and a motion to summarily dismiss Follinus's application. Rather than ordering summary dismissal on the basis of the state's motion, the district court provided its own notice of intent to dismiss through an order of conditional dismissal. I.C. § 19–4906(b), (c). In that order, the district court found that Follinus had received, in essence, a *Franks* hearing during the review of his motion to suppress. The district court then dismissed the application pursuant to its notice.

 The state urges this Court to affirm the district court's dismissal because Follinus failed to state in his application the facts necessary to demonstrate that he was entitled to a hearing under *Franks* and further failed to establish that his counsel was deficient. We are foreclosed from addressing the merits of the state's arguments because they were not the basis of the court's dismissal below. This Court and the Idaho Supreme Court have both held that it is inappropriate for the district court to provide the required notice of intent to dismiss to a post-conviction applicant on one basis and then to order dismissal on a separate basis. *Saykhamchone v. State,* 127 Idaho 319, 900 P.2d 795 (1995); *Martinez v. State,* 126 Idaho 813, 892 P.2d 488 (Ct.App.1995); *Remington v. State,* 127 Idaho 443, 901 P.2d 1344 (Ct. App.1995). Such action ignores the purpose of the notice provisions of the post-conviction procedures act. *See* I.C. § 19–4906. The same reasoning holds true for appellate proceedings before this Court. Had Follinus been apprised of the arguments raised by the state, he might have been able to respond with supplemental evidence to support his claims. Accordingly, we adhere to the principle that we will not address a basis for the dismissal presented for the first time on appeal. The only issue before this Court on appeal, then, is whether the district court erred when, in summarily dismissing Follinus's application, it found that "trial counsel did obtain, in effect, a *Franks* hearing, this issue of suppression was addressed on appeal and is not properly before this court in Follinus's Post–Conviction Petition."

Follinus alleged in his application for post-conviction relief that:

> A thorough investigation by trial counsel would have revealed that much of the information found within the affidavit utilized to support the search warrant was obtained by the premature entry and seizure of the officers. Moreover, in a drug case where all the incriminating evidence procured stems from the execution of a search warrant, it is an absolute minimum to require that counsel investigate and/or challenge the written and oral testimony of the affiant. Absent such an investigation counsel has failed both his client and his ethical responsibility.

Follinus's trial counsel moved to suppress the evidence which Follinus now claims was improperly admitted. The trial court held a hearing on the motion to suppress and denied the motion. The case proceeded to trial and was then appealed to the Idaho Supreme Court. Follinus's allegation that the search warrant was issued pursuant to information retrieved during an illegal search was addressed by the Supreme Court in Follinus's direct appeal. The Court noted that "Follinus and Howe concede that the police did not use any information gained by the illegal entry in procuring the search warrant." *Follinus,* 124 Idaho at 28, 855 P.2d at 865. Hence, the district court properly found that, to the extent it asserted the fruits of the illegal search constituted the basis for the search warrant, the application had been disposed of during the direct appeal.

Trial counsel did not specifically make an offer of proof regarding the veracity of the search warrant affiant or move the trial court

for a hearing regarding that issue. However, during the suppression hearing, the search warrant affiant, officer Walthall, testified regarding his affidavit, the circumstances surrounding its issuance, the search of the residence, and Follinus's arrest. Officer Walthall testified that he accompanied a confidential informant into Follinus's home to observe a drug purchase. Officer Walthall stated during cross-examination by Follinus's trial counsel that he had been in Follinus's residence during an undercover operation that preceded Follinus's arrest and that the information pertinent to his affidavit in support of the search warrant was personally obtained and viewed while he was there.

Follinus now claims that his trial counsel was ineffective in failing to investigate the written or oral testimony of the affiant. The record from the criminal proceedings clearly indicates that these matters were investigated and examined during the suppression hearing. Summary dismissal is appropriate where the record from the criminal action or other evidence conclusively disproves essential elements of the applicant's claims. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975); *Remington v. State*, 127 Idaho 443, 446–47, 901 P.2d 1344, 1347–48 (Ct.App.1995). The district court did not err in finding that trial counsel did obtain, in essence, a *Franks* hearing in which to examine the source of the affiant's information and the veracity thereof.

■ As Follinus's second issue in his application for post-conviction relief he argued that trial counsel was ineffective in failing to rely upon Article 1, Section 17 of the Idaho Constitution, in addition ˋto the Fourth Amendment of the United States Constitution, as a ground for suppression of the evidence seized. In claims of ineffective assistance of counsel made in a post-conviction proceedings, the burden is on the applicant

to make a positive showing of both incompetence and prejudice arising therefrom. *Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992). The district court found that Follinus's allegations that trial counsel failed to raise the Idaho Constitution as a defense did not, in this situation, amount to a proper showing of ineffective assistance. Further, the district court concluded that Follinus provided no legal rationale or supporting authority for this allegation. The district court did not err in dismissing the post-conviction application in this regard.

**B. Claim of Ineffective Assistance of Counsel in Post–Conviction Relief Proceedings**

■ Follinus claims that he did not receive effective representation in his pursuit of this post-conviction relief action before the district court, and is entitled to have this case remanded. There is no Sixth Amendment right to appointed counsel in a collateral attack upon a conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Because there is no constitutional right to an ´attorney in state post-conviction proceedings "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991).

Follinus claims that he has a right to competent counsel pursuant to Idaho Code Section 19–4904. Idaho appellate courts have found that Idaho Code Section 19–4904 created a statutory right to counsel in post-conviction proceedings prior to its amendment in 1993.[1] *Lee v. State*, 122 Idaho 196, 199, 832 P.2d 1131, 1134 (1992); *Henderson v. State*, 123 Idaho 51, 52, 844 P.2d 33, 34 (Ct.App. 1992); *Rodriguez v. State*, 122 Idaho 20, 22, 830 P.2d 531, 533 (Ct.App.1992). As amended, Idaho Code Section 19–4904 no longer mandates appointment of counsel. Follinus's

1. Prior to amendment in 1993, Idaho Code Section 19–4904 provided: "If the applicant is unable to pay court costs and expenses of representation, ... a court-appointed attorney *shall* be made available to the applicant ..." (emphasis added).

Idaho Code Section 19–4904 now provides: "If the applicant is unable to pay court costs and expenses of representation ... a court-appointed attorney *may* be made available to the applicant in the preparation of the application, in the trial court, and on appeal, and paid on order of the district court, by the county in which the application is filed." (emphasis added).

application was filed in July 1994, one year after the amendment of the statute. A denial of effective representation does not merit a remedy on appeal where there is no right to counsel. Therefore, Follinus's allegation in this regard on appeal will not be addressed further.

### III.

### CONCLUSION

The district court did not err in finding that the alleged defects in the search warrant and supporting affidavit were addressed in the suppression hearing. The district court did not err in finding that Follinus failed to support by argument or authority his claim regarding counsel's deficiency in omitting to pursue a claim under Article I, Section 17 of the Idaho Constitution and further failed to make a proper showing of ineffective assistance of counsel. No right to counsel exists during post-conviction proceedings; therefore, Follinus's claim that his post-conviction counsel was ineffective is without merit. Accordingly, we affirm the district court's summary dismissal of Follinus's application for post-conviction relief.

WALTERS, C.J., CONCURS.

LANSING, Judge, dissenting.

Follinus's claim that his defense attorney should have requested a *Franks* hearing is not based only upon an allegation that the information utilized to support the search warrant was obtained by the premature entry of Follinus's residence. The allegations of his post-conviction relief application also include the assertion that, "The affiant presented deliberately false information regarding the weapons and chemicals on the premises, as well as the previous conviction record of the suspect in order to influence the magistrate in issuance of the warrant." Having reviewed the transcript of the suppression hearing, I find that Follinus's counsel did not cross-examine the State's witnesses at all regarding the veracity of information given to the magistrate in support of the request for a warrant. The focus of the suppression motion was not the validity of the warrant but the fact that law enforcement officers had entered Follinus's residence before the warrant was issued. Therefore, I conclude the record does not demonstrate that Follinus received a *Franks* hearing within the context of his motion to suppress. For this reason, I would vacate the order summarily dismissing the application for post-conviction relief and would remand for further proceedings.