**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42210**

| | | |
|---|---|---|
| **EZEKIEL J. HULSE,** | ) | **2016 Unpublished Opinion No. 535** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: May 17, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Molly J. Huskey, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, affirmed.

Ezekiel J. Hulse, Ontario, Oregon, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge

Ezekiel J. Hulse appeals from the district court's summary dismissal of his successive petition for post-conviction relief. Specifically, Hulse argues the time limit on successive petitions does not apply to his claims because his post-conviction counsel was ineffective. For the reasons explained below, we affirm the district court's summary dismissal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Hulse was convicted of felony domestic battery in late 2009. Hulse filed a petition for post-conviction relief on November 26, 2010. The district court dismissed the petition on April 4, 2011, and no appeal was filed. Hulse filed a successive petition for post-conviction relief on August 21, 2012, sixteen months after the dismissal of the first petition. The district court appointed post-conviction counsel and Hulse filed a third petition for post-conviction relief

1

on April 15, 2013. The district court consolidated the cases because the two successive petitions were identical. The 2012 claims were incorporated into the 2013 petition, and the district court dismissed the 2012 petition. The district court issued a notice of intent to dismiss the remaining petition because Hulse failed to establish a sufficient reason to file a successive petition, and none of the claims were timely. The district court appointed a new attorney for Hulse due to a conflict between Hulse and his former post-conviction counsel. Hulse filed an amended petition on September 11, 2013, alleging ineffective assistance of both his trial counsel and former post-conviction counsel. Hulse also argued that newly discovered evidence existed. The district court summarily dismissed the successive petition, reasoning that Hulse failed to establish a basis to file a successive petition, and the successive petition was not filed within a reasonable time. Hulse appeals from the district court's summary dismissal.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact,

2

together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Hulse argues the district court erred in summarily dismissing his successive petition for post-conviction relief because his post-conviction counsel was ineffective by inadequately preparing his initial petition. If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which, for sufficient reason, was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. Determining what is a reasonable time for filing a successive petition requires a case-by-case analysis. *Id.* Therefore, the initial question here is whether the petitioner filed the successive petition within a reasonable period of time.

In *Charboneau*, the petitioner filed his petition thirteen months after he became aware of an issue. *Id.* The Court held that his petition was untimely under the "reasonable time" standard because he did not provide an explanation for the thirteen-month passage of time and did not address the issue of timeliness. *Id.* Here, Hulse waited sixteen months to file his successive petition and raised many of the same claims that were raised in his initial petition.[1] Hulse provided no explanation for this sixteen-month wait. As in *Charboneau*, Hulse provided no explanation for the sixteen-month delay in filing his successive petition and did not address the issue of timeliness.

As to the sufficient reason why his claims were not asserted or were inadequately raised in the initial petition, Hulse argues his post-conviction counsel was ineffective by inadequately preparing Hulse's initial petition for post-conviction relief. However, there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings. *Murphy v. State*, 156 Idaho 389, 396, 327 P.3d 365, 372 (2014). An ineffective assistance of

---

[1] The initial petition was not included in the record. The district court's "Denial of Motion for Leave to File Successive Uniform Post-Conviction Petition," however, noted that Hulse "raised virtually identical claims as were raised in his initial petition."

4

post-conviction counsel claim therefore does not constitute a "sufficient reason" under I.C. § 19-4908 for filing a successive petition. *Id.*

Hulse contends that because his successive petition was filed in 2013, before *Murphy* was decided, the holding in *Murphy* does not apply to his case. However, this Court held in 1995 that there is no constitutional right to an attorney in state post-conviction proceedings, and thus a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. *Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Hulse's ineffective assistance of post-conviction counsel claim does not constitute a sufficient reason as to why his claims were not asserted or were inadequately raised in his initial petition.

Hulse also claimed, in his successive petition, that newly discovered evidence required his conviction be vacated. Specifically, Hulse indicates that a man informed Hulse that he asked the victim whether Hulse laid hands on her, and the victim responded "no." Apparently, the victim informed the man that whatever occurred was an accident and that Hulse should not have been arrested. To succeed on his newly discovered evidence claim, Hulse must establish:

> (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that the failure to learn of the evidence was due to no lack of diligence on the part of the defendant.

*Johnson v. State*, 156 Idaho 7, 12, 319 P.3d 491, 496 (2014). The district court determined that Hulse failed to establish the above elements because the alleged newly discovered evidence consisted of hearsay, which constitutes inadmissible evidence. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Idaho Rule of Evidence 801(c). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. Hulse has not provided a hearsay exception, nor can this Court find an applicable hearsay exception to allow admissibility of the statements between the victim and the man and between the man and Hulse. Additionally, the evidence would not likely produce an acquittal because, at best, it serves as impeaching evidence regarding the victim's veracity. Hulse's conversation with the man does not constitute new evidence.

## III.

## CONCLUSION

The district court did not err in determining that Hulse failed to file a successive petition within a reasonable time and establish a sufficient reason as to why the claims relating to his underlying conviction were not raised or were not adequately presented in his initial petition. Also, the district court did not err in determining that Hulse did not meet the requirements for establishing a newly discovered evidence claim. We accordingly affirm the district court's summary dismissal of Hulse's successive petition.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.