**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44269**

| | | |
|---|---|---|
| **BRADLEY JOSEPH VANZANT,** | ) | **2017 Unpublished Opinion No. 341** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: February 1, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Bradley Joseph Vanzant appeals from the district court's judgment summarily dismissing Vanzant's petition for post-conviction relief. Specifically, Vanzant argues that his due process rights were violated when the district court denied Vanzant's motion for conflict-free counsel without a hearing. For the reasons set forth below, we affirm.

Vanzant pled guilty to possession of a controlled substance. I.C. § 37-2732(c). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a unified sentence of six years, with a minimum period of confinement of three and one-half years. In an unpublished opinion, this Court affirmed Vanzant's judgment of conviction. *State v. Vanzant*, Docket No. 42764 (Ct. App. 2015). Vanzant filed a petition for post-conviction relief

1

alleging various claims, including ineffective assistance of trial counsel. The district court appointed a public defender and, later, conflict substitute counsel.

The State filed an answer and a motion for summary dismissal, claiming Vanzant failed to raise a genuine issue of material fact or was not entitled to relief. At the hearing on the State's motion, the district court dismissed all of Vanzant's claims except his claims that his trial counsel was ineffective. The district court gave notice of intent to dismiss those claims and allowed Vanzant twenty days to respond. Vanzant did not respond. Twenty-three days after the hearing, Vanzant filed a motion for conflict-free counsel, claiming that his substitute post-conviction counsel was acting as the prosecutor. The motion further alleged that substitute counsel refused to respond to the notice of intent to dismiss Vanzant's ineffective assistance of counsel claims. Vanzant requested that the district court appoint new substitute counsel. Vanzant attached to the motion a letter from his substitute counsel, explaining that counsel could not pursue Vanzant's claims in good faith. In its order granting the State's motion for summary dismissal, the district court denied Vanzant's motion for conflict-free counsel. The district court reasoned that Vanzant's claim was not a basis for relief because there is no constitutionally protected right to effective assistance of counsel in post-conviction relief proceedings.

On appeal, Vanzant argues that the district court violated Vanzant's due process rights when it denied his motion for conflict-free counsel without a hearing. Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.* The test for determining whether state action violates procedural due process requires the Court to consider the private interest that will be affected by the official action; the risk of an erroneous deprivation of such interest through the existing procedures used and the probable value; and the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Rios-Lopez v. State*, 144 Idaho 340, 342, 160 P.3d 1275, 1277 (Ct. App. 2007).

First, the private interest at stake was Vanzant's interest in securing conflict-free assistance to present his claims in opposition to the district court's notice of intent to dismiss Vanzant's ineffective assistance of counsel claims. The Sixth Amendment right to counsel has

been interpreted as a right to conflict-free counsel. *Hall v. State*, 155 Idaho 610, 615, 315 P.3d 798, 803 (2013). However, there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). There is no right, statutory or otherwise, to post-conviction counsel. *Murphy v. State*, 156 Idaho 389, 394-95, 327 P.3d 365, 370-71 (2014); *see also Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); *Fields v. State*, 135 Idaho 286, 291, 17 P.3d 230, 235 (2000). Without a right to post-conviction counsel, there can be no deprivation of effective assistance of counsel. *Murphy*, 156 Idaho at 395, 327 P.3d at 371; *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Vanzant concedes that he does not have a right to effective assistance of counsel but contends that he has a right to conflict-free counsel under Idaho Rule of Professional Conduct 1.7(a), which prohibits a lawyer from representation where there is a concurrent interest. This argument fails because Rule 1.7(a) regulates professionals in the practice of law and does not yield a private right to conflict-free counsel in any case. Thus, Vanzant's interest in securing assistance to present his claims does not rise to the level of the constitutionally protected right to counsel.

Second, we consider the risk that the district court's failure to conduct a hearing on Vanzant's motion would erroneously deprive him of his interest in securing conflict-free assistance to present his claims. The district court responded to Vanzant's initial request for post-conviction counsel by appointing counsel and thereafter appointing substitute counsel. Substitute counsel opposed the State's motion for summary dismissal but advised counsel could not in good faith respond to the district court's notice of intent to dismiss. Substitute counsel wrote a letter to Vanzant explaining why his claims could not be pursued in good faith. Thus, substitute counsel brought Vanzant's post-conviction claims as an initial matter but declined to respond to the district court's notice of intent to dismiss. Moreover, it is not always necessary to conduct a hearing on a motion, particularly when the motion sets forth its grounds. In *Rios-Lopez*, for example, the district court denied the petitioner's motion for substitute counsel, noting that substitute counsel's failure to contact the petitioner was not grounds for replacing substitute counsel. *Rios-Lopez*, 144 Idaho at 343, 160 P.3d at 1278. Here, the district court

likewise denied Vanzant's motion because the alleged conflict was not grounds for replacing counsel. In his motion, Vanzant explained why he believed substitute counsel was conflicted. The district court considered the reasoning provided before denying Vanzant's request. Thus, there was no risk that the district court's failure to conduct a hearing on Vanzant's motion would deprive him of his interest in securing conflict-free counsel.

Finally, we consider the State's interest in expedient completion of post-conviction proceedings. In this case, the district court had already appointed post-conviction counsel and held a hearing on the State's motion for summary dismissal. The district court allowed Vanzant twenty additional days to respond to the district court's notice of intent to summarily dismiss Vanzant's ineffective assistance of counsel claims. Requiring a hearing on a motion that, if true, would not state a claim warranting relief would waste judicial resources and further prolong post-conviction proceedings to the detriment of the State's interest.

In sum, Vanzant's interest is not constitutionally protected, there is no risk that his interest was deprived by the district court denying Vanzant's motion on the record, and there is a strong interest in expedient completion of post-conviction proceedings. Thus, even assuming a potential due process right, Vanzant has failed to show that the district court violated any due process right when it denied Vanzant's motion for conflict-free counsel without a hearing. Accordingly, the district court's judgment summarily dismissing Vanzant's petition for post-conviction relief is affirmed. Costs are awarded to the State on appeal.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

4