**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44720**

| | | |
|---|---|---|
| ALEXANDER CHRISTOPHER EDMO, | ) | 2017 Unpublished Opinion No. 589 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 22, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order of the district court summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Alexander C. Edmo, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Alexander Christopher Edmo appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2012, Edmo pled guilty to possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court imposed a unified six-year sentence with three years determinate. Edmo appealed. The only argument Edmo raised on appeal was that the district court had abused its discretion by imposing an excessive sentence. In an unpublished opinion, this Court affirmed Edmo's sentence. *State v. Edmo*, Docket No. 40196 (Ct. App. Dec. 31, 2013).

In December 2014, Edmo filed a pro se petition for post-conviction relief. Edmo raised five arguments in his first petition; two of which are relevant here. Edmo argued that the district court should have appointed counsel to assist him in drafting his first petition for post-conviction

1

relief, and that his trial counsel rendered ineffective assistance by advising him to plead guilty in the underlying criminal case. The State filed a motion for summary dismissal. The district court summarily dismissed his first petition, concluding Edmo failed to raise a genuine issue of material fact. Edmo appealed and the Idaho Supreme Court dismissed that appeal.

In August 2016, Edmo filed a pro se successive petition for post-conviction relief. In the successive petition, Edmo argued that the district court's denial of his request for appointed counsel in his initial petition violated his right to meaningful access to the courts and, therefore, was a sufficient reason to file the successive petition. Edmo again argued ineffective assistance of trial counsel as grounds for relief in the successive petition. The State filed a motion for summary dismissal. The district court summarily dismissed Edmo's successive petition. Edmo appeals.

## II.

## ANALYSIS

Edmo asserts that the district court erred in dismissing his successive petition for post-conviction relief for two reasons. First, Edmo asserts that he satisfied the requirements of I.C. § 19-4908 and, therefore, was legally entitled to file a successive petition. Second, Edmo contends that the district court erred in granting summary dismissal pursuant to I.C. § 19-4908 because the State sought dismissal pursuant to I.C. § 19-4906(c).

### A. Standard of Review

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting

2

evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which, for sufficient reason, was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.* But there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Indeed, ineffective assistance of prior post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014). This Court freely reviews the district court's application of the statute of limitations to a post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008) (citing *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992)).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho, 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

B.     **Requirements of Idaho Code § 19-4908**

In regard to his first claim, Edmo argues that the district court erred in dismissing his successive petition for post-conviction relief because he satisfied the requirements of I.C. § 19-4908. Edmo contends that: (1) he showed sufficient reason entitling him to file a successive

3

petition for post-conviction relief; (2) his claims for ineffective assistance of trial counsel were inadequately raised in his first petition; and, (3) his petition was not untimely.

Edmo argues that he has shown a sufficient reason entitling him to file a successive petition for post-conviction relief. Edmo claims that a combination of the district court's denial of his request for appointed counsel, inadequacies in the Idaho Department of Correction's (IDOC) legal assistance program, and his lack of legal expertise denied him meaningful access to the courts. Edmo argues the district court's denial of his request for appointed counsel in his first petition is a sufficient reason to file a successive petition.

The State argues that Edmo failed to show a sufficient reason to bring a successive petition for three reasons. First, the State contends Edmo's own recitation of the procedural background demonstrates that he, in fact, had meaningful access to the courts even though he was denied appointed counsel because Edmo was provided the IDOC legal packet, filed a petition for post-conviction relief, and appealed from the dismissal of that petition. Second, the State contends that denial of appointed counsel to pursue post-conviction relief is not generally an issue for subsequent post-conviction relief. Finally, although the district court recognized that the denial of counsel to pursue post-conviction relief is a claim that cannot be raised in an original petition for post-conviction relief, the State argues this claim could have been raised on appeal from the district court's dismissal of the initial petition. Therefore, the State argues that under I.C. § 19-4901(b) Edmo forfeited this claim, and it is barred from consideration in post-conviction proceedings.

The district court concluded that Edmo was not legally entitled to file a successive petition because Edmo's lack of counsel during his first post-conviction proceeding was not a sufficient reason to allow a successive petition. Ultimately, the district court summarily dismissed Edmo's successive petition after the court could not "find *any* just reason to allow Edmo to file a successive petition" (emphasis added). We agree.

Edmo's lack of court-appointed counsel during his first post-conviction proceeding is not a sufficient reason to allow him to file a successive petition for post-conviction relief. The Uniform Post-Conviction Procedure Act does not create a statutory right to post-conviction counsel in non-capital proceedings. *Fields v. State*, 135 Idaho 286, 291, 17 P.3d 230, 235 (2000); *Murphy*, 156 Idaho at 394, 327 P.3d at 370. Also, there is no constitutional right to an attorney in state post-conviction proceedings. *Murphy*, 156 Idaho at 394, 327 P.3d at 370;

4

*Follinus*, 127 Idaho at 902, 908 P.2d at 595. Furthermore, under I.C. § 19-4904, the decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Murphy*, 156 Idaho at 393, 327 P.3d at 369. The district court correctly concluded that Edmo was not entitled to court-appointed counsel in his initial post-conviction relief proceeding. Therefore, the court's denial of Edmo's request for appointed counsel was neither a violation of law nor a violation of Edmo's constitutional right.[1]

Additionally, the State correctly contends that denial of appointed counsel to pursue post-conviction relief is not a basis for subsequent post-conviction relief because this claim could have been raised on appeal from the district court's denial of his motion for appointed counsel and dismissal of the initial petition. The role of a post-conviction petition is limited and is not simply a second chance for an additional appeal. A claim or issue that could have been raised on direct appeal, but was not, is forfeited and may not be considered in subsequent post-conviction proceedings. I.C. § 19-4901(b). In his successive petition, Edmo attempts to argue that denial of his request for appointed counsel resulted in denial of meaningful access to the court. Insofar as Edmo claims this is a sufficient reason entitling him to file a successive petition, the propriety of such a determination was subject to challenge by Edmo through the appellate process following the dismissal of his initial petition. The Supreme Court dismissed that appeal. Thus, the claim is barred here.

We need not determine whether the grounds for relief were inadequately raised in the first petition or whether Edmo filed the successive petition within a reasonable period of time because Edmo's failure to show sufficient reason to file a successive petition is dispositive. For these reasons, the district court's decision to deny Edmo's request for appointed counsel is not a "sufficient reason" to allow filing of a successive petition.

## C.    Summary Dismissal of Successive Petition

Edmo submits that the district court erred by granting summary dismissal pursuant to I.C. § 19-4908 because the State sought dismissal pursuant to I.C. § 19-4906(c). The State argues that the district court properly granted the State's motion because one of the grounds for the

---

[1]    On appeal, Edmo also claims that the sufficient reason was not that he did not receive appointed counsel, but that the IDOC legal assistance program is so constitutionally lacking that it was the cause of his inability to plead enough in his first petition to satisfy the standard for appointment of counsel. He points only to his inadequate first petition as proof of the system's failure.

5

motion was that Edmo's petition was a successive petition not permitted under I.C. § 19-4908. We agree.

Edmo's successive petition is subject to summary dismissal for failing to satisfy the requirements of I.C. § 19-4908. To file a successive petition for post-conviction relief, a petitioner has the burden of providing the district court with factual reasons upon which it could conclude there was a sufficient reason for bringing the successive petition. As discussed above, Edmo failed to provide the district court with "any just reason" to file a successive petition. Accordingly, the district court's decision to summarily dismiss Edmo's successive petition for failing to assert a sufficient reason for bringing the successive petition was proper.

## III.
## CONCLUSION

Edmo failed to show sufficient reason to allow filing of a successive petition for post-conviction relief. Accordingly, we affirm the district court's order summarily dismissing Edmo's successive petition for post-conviction relief.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

6