**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47750**

| | |
|---|---|
| ROBROY WALL, JR., | ) |
| | ) Filed: March 8, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of the district court summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Robroy Wall, Jr., Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Robroy Wall, Jr. appeals from the district court's judgment summarily dismissing Wall's successive petition for post-conviction relief. Wall argues that the district court committed reversible error by dismissing his petition. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

After a trial by jury, Wall was found guilty of first degree murder and a firearm sentencing enhancement. The district court imposed a unified term of life imprisonment with twenty-five years determinate. Wall appealed and this Court affirmed his judgment of conviction and sentence in *State v. Wall, Jr.*, 149 Idaho 548, 237 P.3d 17 (Ct. App. 2010).

In 2011, Wall filed a petition for post-conviction relief. The district court granted Wall's motion for appointment of counsel and, after providing notice, summarily dismissed Wall's

1

petition. In June 2016, Wall appealed the district court's dismissal of his post-conviction petition. The Idaho Supreme Court dismissed Wall's appeal as untimely and entered a remittitur. In November 2016, Wall filed an Idaho Rule of Civil Procedure 60(b) motion for relief from the judgment dismissing his post-conviction petition. The district court denied Wall's motion as untimely and failing on the merits. Wall appealed the district court's denial of his Rule 60(b) motion and this Court affirmed the denial in *Wall v. State*, Docket No. 45166, (Ct. App. June 12, 2018) (unpublished).

In July 2019, Wall filed a successive petition for post-conviction relief. Among other things, Wall alleged ineffective assistance of trial and post-conviction counsel. In addition, Wall requested appointment of counsel. After providing notice and denying Wall's request for counsel, the district court summarily dismissed Wall's successive petition. Wall timely appeals.

## II.

## ANALYSIS

Wall argues that the district court erred by summarily dismissing his successive petition for post-conviction relief. Specifically, Wall contends that the district court erred because his petition "clearly shows neglect by counsel at every stage of [his] case, plus shows a meritorious defense." In response, the State argues that the district court correctly dismissed Wall's ineffective assistance of counsel claims because the claims were precluded by Idaho Code § 19-4908 and *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014). In addition, the State contends that this Court can also affirm the lower court on the unchallenged basis that Wall's claim of ineffective assistance of counsel was not based on newly discovered evidence and was untimely.[1] We agree with the State.

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original,

---

[1] In his reply brief, Wall asserts a multitude of claims (which Wall labels under the following headers: evidentiary issues, prosecutorial misconduct, denial of due process, denial of the right to a fair trial, equal treatment under the law, actual and factual innocence, eighth amendment violations, presumptions of innocence violations, errors in the record, cumulative error, and new evidence) that were not raised in his opening brief. Issues not raised in the opening brief are waived for purposes of appeal. Idaho Appellate Rule 35(a)(6); *State v. Hawkins*, 159 Idaho 507, 517, 363 P.3d 348, 358 (2009).

supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Indeed, ineffective assistance of prior post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief. *Murphy*, 156 Idaho at 395, 327 P.3d at 371. Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.*

Here, the district court concluded that Wall's allegation that his post-conviction counsel was ineffective was not a proper basis for a successive petition for post-conviction relief. In addition, the district court concluded that Wall's claim that his trial counsel was ineffective could have been brought earlier, was not based on newly discovered evidence, and was untimely.

We conclude that the district court did not err by summarily dismissing Wall's successive petition for post-conviction relief. First, as the district court concluded, Wall's claim that his post-conviction counsel was ineffective is not a sufficient reason for filing a successive petition. *Murphy*, 156 Idaho at 395, 327 P.3d at 371 (2014). Therefore, Wall's claim, in that regard, fails. Second, although Wall makes a conclusory statement that he has presented a "sufficient reason" to file a successive petition, Wall does not challenge the district court's determination that his ineffective assistance of counsel claims failed to present new evidence and were untimely.[2] In fact, in his answer to the district court's notice of intent to dismiss, Wall concedes as much stating "Can your honor please excuse the untimel[i]ness of the successive post-conviction and even the fact that the evidence within is not newly discovered and base your honor[']s decis[]ion on the evidence within the successive post-conviction." Consequently, we affirm the district court's summary dismissal of Wall's successive petition for post-conviction relief on this unchallenged

---

[2] Wall fails to show that any of his trial claims could not have been raised in his initial petition. Idaho Code § 19-4908.

basis. *See State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998) (upholding the denial of a motion to suppress based on trial court's ruling that was unchallenged on appeal).[3]

## III.

## CONCLUSION

The district court did not err by summarily dismissing Wall's successive petition for post-conviction relief. Accordingly, we affirm the district court's judgment summarily dismissing Wall's successive petition for post-conviction relief.

Judge BRAILSFORD and Judge Pro Tem MELANSON **CONCUR**.

---

[3]    In addition, in his appellate brief, Wall makes a conclusory statement that he has shown a "meritorious defense" to the underlying crime. However, Wall makes no further argument related to such a claim. To the extent that Wall is attempting to make a claim of actual innocence, Wall has failed to appropriately support his claim with adequate argument or authority in his opening brief. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (concluding that a party waives an issue on appeal if either authority or argument is lacking). Moreover, Wall claimed actual innocence below and the district court concluded that Wall's claim failed because it was not supported by new evidence. As discussed above, Wall concedes that his claims are not supported by new evidence. Thus, even if Wall supported a claim of actual innocence with argument or authority, Wall's claim would fail.