606 P.2d 1000

**STATE of Idaho, Plaintiff-Respondent,**

v.

**John Earl CLAYTON, Defendant-Appellant.**

No. 12880.

Supreme Court of Idaho.

Feb. 22, 1980.

Klaus Wiebe and Gary E. Lofland, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, John Michael Brassey, Deputy Attys. Gen., Boise, for plaintiff-respondent.

DUNLAP, Justice Pro tem.:

Defendant appellant Clayton was charged with assault with a deadly weapon with intent to commit murder. Since Clayton was indigent, counsel was appointed by a magistrate at the time of the initial arraignment. That counsel continued to represent defendant through the preliminary hearing and other district court appearances. Prior to trial, defendant moved for a substitution of counsel. A hearing was held during which the defendant expressed dissatisfaction with his appointed attorney. Further argument on this matter took place on the day of trial. The trial court found that good cause did not exist for substitution of counsel. The defendant was then given the choice of continuing with the same counsel or proceeding *pro se*. He chose to represent himself. The district court did, however, require counsel to be present in the courtroom during the course of the proceedings. After a trial, the jury found defendant guilty of the lesser included offense of assault with a deadly weapon, and defendant was given a five year sentence to run concurrently with a sentence previously imposed for other convictions.

Defendant argues that he was deprived of the right to effective assistance of counsel as required by the Sixth Amendment of the United States Constitution and Art. 1, § 13, of the Idaho Constitution. In particular, defendant alleges that the district court should have conducted a detailed inquiry into the alleged conflict between defendant and his court appointed attorney. Without such an inquiry, defendant maintains, the court was unable to determine whether counsel was capable of providing reasonably effective assistance. The defendant insists that the trial court's refusal to appoint substituted counsel forced him to appear *pro se*.

It is well settled that an indigent defendant has a right to court appointed counsel. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); I.C. § 19–852(a). The right to counsel includes the right to effective assistance of counsel. *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). It does not necessarily include the right to counsel of one's own choosing. *State v. Wozniak*, 94 Idaho 312, 486 P.2d 1025 (1971), overruled on other grounds, *State v. Tucker*, 97 Idaho 4, 539 P.2d 556 (1975); *State v. Ames*, 222 Kan. 88, 563 P.2d 1034 (1977); *State v. Pepperling*, 582 P.2d 341 (Mont.1978); *Junior v. State*, 91 Nev. 439, 537 P.2d 1204 (1975). The trial court may, in its discretion, appoint new counsel for "good cause." I.C. § 19–856. *See State v. Ames, supra; State v. Salazar*, 81 N.M. 512, 469 P.2d 157 (App.1970).

It is also well settled that the defendant has the right to reject court appointed counsel and conduct his own defense. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Since such a decision amounts to a waiver of the right to counsel, the defendant should be made aware of the problems inherent in self-representation so that such waiver is knowingly and intelligently made. *See Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); I.C. § 19–857.

With the above rules in mind, we turn now to defendant's contentions. When the court below inquired of defendant's reasons for requesting a substitution of counsel, the defendant replied: "I'm not saying that he's not competent. I'm saying if his inter-

est is to be competent he would be. But in my case I feel that he has not the desire to be." Other than Clayton's subjective opinion, the record is completely devoid of any hint of counsel's incompetence or his alleged inability to render effective assistance of counsel. The defendant does not really contest this. Instead, he argues that the the court should have conducted a more detailed inquiry into the question of counsel's lack of "desire" to be competent or into the source of any attorney-client conflict. We do not agree. The trial judge should not be required to act as advocate for the defendant in a criminal proceeding. His only obligation was to afford defendant a full and fair opportunity to present the facts and reasons in support of his motion for substitution of counsel after having been made aware by the court of the problems involved. This the court did in this case.

The defendant was accorded ample opportunity to recite any underlying facts giving rise to his subjective beliefs concerning appointed counsel's alleged temporary incompetency. When the trial court asked defendant to make any statements he desired in support of his motion for substituted counsel, the defendant responded as follows:

> "If I can't have a proper counsel, it's not going to be no hearing. You can put that into the record. We just tear the courtroom up. You understand; or by the letter of the law I'll try to tear it up by myself. You can put that in the record."

He made no further comment as to competency of counsel. Having passed up the opportunity to create his record, he cannot now complain that there is none.

■■ We have reviewed the record and hold that the trial court did not abuse its discretion in refusing to substitute counsel. The record also indicates that the trial court took great care in informing the defendant of the possible pitfalls and hazards of his choice to appear *pro se*, and that nonetheless defendant chose to proceed without appointed counsel. Finally, it is permissible to appoint "standby" counsel to be present in the courtroom in the event the defendant

needs and requests some assistance. *See Faretta v. California*, 422 U.S. at 834–35, 95 S.Ct. at 2541, 45 L.Ed.2d at 581, n. 46. The judgment of conviction is affirmed.

BAKES, McFADDEN and BISTLINE, JJ., and SCOGGIN, J. Pro tem., concur.