946 P.2d 1351

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jeffrey D. PECK, Defendant-Appellant.**

**No. 22562.**

Court of Appeals of Idaho.

Oct. 23, 1997.

Kehne Law Office, Boise, for appellant.

Alan G. Lance, Attorney General, Jon T. Simmons, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

This is an appeal from a judgment of conviction and sentence imposed following a plea of guilty to felony eluding a police officer. The appellant contends that his guilty plea and sentence should be vacated because the magistrate and district court failed to consider his repeated requests that he be appointed new counsel or be allowed to represent himself. We conclude that the district court erred in not inquiring into the reasons for Peck's dissatisfaction with his appointed attorney and not giving Peck the opportunity to proceed *pro se*. Therefore, we remand for further proceedings.

**FACTS AND PROCEDURE**

In July 1995, Jeffrey D. Peck was arrested in Boise and charged with grand theft, I.C. § 18–2403, § 18–2407(1), operating a motor vehicle while under the influence, I.C. § 18–8004, and eluding a police officer, I.C. § 49–

1404(2)(c). The Ada County public defender's office was appointed to represent Peck, and Peck pleaded not guilty. At the time scheduled for the preliminary hearing in the magistrate division, Amil Myshin of the public defender's office appeared with Peck. Peck indicated to the court that he was upset with his attorney and that he had filed a "habeas corpus writ" to have the public defender's office discharged for "negligence." The magistrate did not inquire into Peck's reasons for being dissatisfied with his attorney but acknowledged Peck's right to file a habeas corpus petition and postponed the preliminary hearing so that Peck could first pursue his petition. The record before us does not reflect the disposition of the petition for a writ of habeas corpus.

Peck subsequently filed a *pro se* motion to discharge or disqualify the public defender's office. At the rescheduled preliminary hearing on August 11, 1995, public defender Alan Trimming appeared with Peck. The magistrate made no inquiry as to why Peck was dissatisfied with his attorneys, but informed Peck that the court would not appoint new counsel. Peck then stated that he would "run with it for now," apparently referring to being represented by the public defender. Peck waived the preliminary hearing and was bound over to district court. Thereafter, he filed another *pro se* motion to discharge the public defender's office. On August 29, 1995 at a hearing for entry of a change of plea, attorney Myshin again appeared with Peck. The district court informed Peck that as long as he had counsel the court would not consider any *pro se* pleadings, and the court directed Peck not to file any further *pro se* pleadings with any judge. Peck then advised the court that he had worked out his problems with the public defender and that he was now satisfied with the representation that he had received. Pursuant to a plea agreement, Peck entered a guilty plea to felony eluding a police officer, and the State dismissed the other charges. The court accepted the guilty plea and set a date for a sentencing hearing.

At the time scheduled for sentencing on September 26, 1995, public defender Edward Odessey appeared on behalf of Peck. At this hearing Peck once again attempted to request the discharge of his counsel, but the district court cut him off, informing him that if he continued to talk he would be removed from the courtroom. The court then determined that the presentence investigation report had not been completed due to Peck's failure to cooperate, and continued the sentencing hearing until the presentence report could be finished.

At the next hearing on October 10, 1995, the district court acknowledged that Peck had requested that the court discharge the public defender's office and that the court refused to do so because the request appeared to be an attempt to manipulate the system, not a legitimate request based on bona fide reasons. The court sentenced Peck to a unified four-year term of imprisonment with one year determinate and ordered the suspension of Peck's driver's license. At a subsequent restitution hearing, attorney Myshin once again accompanied Peck, who reiterated his dissatisfaction with the representation provided by the public defender's office. The court once more refused to consider Peck's motion.

On appeal, Peck raises several issues, which we summarize as follows:

1. Whether the district court erred in refusing to conduct a hearing regarding Peck's dissatisfaction with counsel.

2. Whether the sentence is excessive.

3. Whether the court considered improper factors in imposing sentence.

4. Whether the court erred in delaying suspension of Peck's driver's license until Peck's release from prison.

For reasons explained below, we need only consider the first of these issues. We conclude that the district court erred in failing to inquire into Peck's reasons for requesting the discharge of his appointed counsel. Accordingly, we remand the matter to the district court for further proceedings.

## ANALYSIS

### A. The District Court Erred In Failing To Conduct a Hearing.

The Sixth Amendment of the United States Constitution and Art. I, § 13 of the Idaho Constitution guarantee the right to

counsel. For indigent defendants this includes the right to court-appointed counsel. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Pharris v. State,* 91 Idaho 456, 424 P.2d 390 (1967). The right to counsel does not necessarily mean a right to the attorney of one's choice, *State v. Clark,* 115 Idaho 1056, 1058, 772 P.2d 263, 265 (Ct. App.1989); *State v. Carman,* 114 Idaho 791, 793, 760 P.2d 1207, 1209 (Ct.App.1988), *affirmed,* 116 Idaho 190, 774 P.2d 900 (1989), and mere lack of confidence in otherwise competent counsel is not necessarily grounds for substitute counsel in the absence of extraordinary circumstances. *State v. McCabe,* 101 Idaho 727, 729, 620 P.2d 300, 302 (1980). The constitutional guarantees, however, do entitle a criminal defendant to the assistance of a reasonably competent attorney. *Id.* at 728, 620 P.2d at 301. For good cause a trial court may, in its discretion, appoint a substitute attorney for an indigent defendant. I.C. § 19–856; *State v. Clayton,* 100 Idaho 896, 897, 606 P.2d 1000, 1001 (1980). An accused also has the right to waive court-appointed counsel and to conduct his own defense. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Brake,* 110 Idaho 300, 715 P.2d 970 (1986); *Clayton,* 100 Idaho at 897, 606 P.2d at 1001.

On appeal Peck asserts that the district court should have conducted an inquiry to determine the reasons for his dissatisfaction with the attorneys in the public defender's office and to determine whether Peck wished to discharge that office and represent himself. Without such an inquiry, he argues, both his constitutional right to effective assistance of counsel and his constitutional right to represent himself have been violated.

Initially, we note that at the August 29, 1995 change of plea hearing, Peck advised the court that he had worked out his problems with counsel and was satisfied with the representation he had received up to that point. Therefore, we conclude that his requests to discharge counsel prior to that hearing are moot and we restrict our review to the district court proceedings following the guilty plea.

In *State v. Clayton,* 100 Idaho 896, 606 P.2d 1000 (1980), the Idaho Supreme Court considered a defendant's contention that the trial court did not conduct a sufficiently detailed inquiry into the reasons for the defendant's requests for appointment of substitute counsel. In addressing that issue, the Supreme Court held that it was the trial court's obligation "to afford defendant a full and fair opportunity to present the facts and reasons in support of his motion for substitution of counsel after having been made aware by the court of the problems involved." *Id.* at 898, 606 P.2d 1000. *See also McKee v. Harris,* 649 F.2d 927, 933 (2d Cir.1981) (where defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for dissatisfaction); *United States v. Welty,* 674 F.2d 185, 187 (3d Cir. 1982) (same); *United States. v. Iles,* 906 F.2d 1122, 1130 (6th Cir.1990) (when indigent defendant makes good faith motion for substitute counsel, trial court has responsibility to ascertain reasons for defendant's dissatisfaction with current counsel); *Brown v. Craven,* 424 F.2d 1166, 1169 (9th Cir.1970) (new trial required where trial court made no adequate inquiry in response to defendant's motions for a new attorney). In *Clayton,* the Supreme Court found that this obligation was satisfied when the trial court asked the defendant to make any statements he desired in support of his motion for substitute counsel. *Clayton,* 100 Idaho at 898, 606 P.2d at 1002.

█ In the present case, by contrast, we can find no indication in the record that the district court provided Peck a "full and fair opportunity" to explain his reasons for wishing to discharge the public defender's office. At the hearing initially scheduled for sentencing on September 26, 1995, when Peck asked to address the court and indicated that he was unhappy with counsel, the district court threatened to have Peck removed from the courtroom if he spoke again and informed Peck that his dissatisfaction with the public defender's office was "irrelevant." When Peck indicated that he wanted to "fire counsel," the district court stated that he did not have that right. Subsequently, at the hearing on October 10, 1995, before the court imposed sentence, it observed that Peck had asked to have the public defender's office

discharged and that the court had refused that request. The court stated that Peck's request appeared to be an attempt to manipulate the system rather than a bona fide request to discharge his counsel, but the record reflects no basis for that conclusion. We can deduce from the record that Peck was ill-behaved and disruptive during court proceedings, which may have led to understandable exasperation and frustration of the district judge as well as suspicion of Peck's motives. Nonetheless, "even well-founded suspicions of intentional delay and manipulative tactics can provide no substitute for the inquiries necessary to protect a defendant's constitutional rights." *Welty*, 674 F.2d at 189.

As Peck points out, this Court cannot discern whether he had legitimate grounds for his request for new counsel, such as an actual conflict of interest or a deficiency in the public defenders' performance. Nor can we ascertain from the record whether Peck wished to represent himself, as was his right, in preference to continuing with representation by the appointed counsel. The record reveals no reason for summarily rejecting Peck's request, as the district court appears to have done.

Because the record indicates that Peck was not given a meaningful opportunity to justify his request for substitute counsel or to exercise his right to represent himself, this matter must be remanded for further proceedings. On remand, the trial court should conduct a hearing to determine whether Peck possessed good cause for his request for substitute counsel at or after the September 26, 1997 hearing and, alternatively, whether Peck wishes to waive his right to counsel and represent himself. If the court finds that at the time of his sentencing hearing Peck was entitled to a new attorney, Peck's sentence must be vacated and he must be afforded a new sentencing hearing with the representation of a substitute attorney. If, however, the court finds that Peck did not have good cause to request substitute counsel but desires to represent himself, a new sentencing hearing must likewise be conducted allowing Peck to exercise his constitutional right to proceed *pro se*.

We will not address Peck's challenges to his sentence because, should the district court on remand determine that Peck was entitled to substitute counsel or desires to represent himself, the present sentence must be vacated and a different sentence may be imposed.

For the foregoing reasons, this matter is remanded to the district court for further proceedings consistent with this opinion.

PERRY, J., and WALTERS, Acting J., concur.