**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 32269**

| | |
|---|---|
| ELIBERTO RIOS-LOPEZ, | ) |
| | ) **2007 Opinion No. 19** |
| Petitioner-Appellant, | ) |
| | ) **Filed: April 18, 2007** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin & McKay, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Chief Judge

Eliberto Rios-Lopez appeals from the district court's order summarily dismissing his application for post-conviction relief. Specifically, Rios-Lopez challenges the district court's denial of his motion to replace his substitute counsel. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Rios-Lopez was convicted of two counts of trafficking in methamphetamine, I.C. § 37-2732B(a)(4)(A), and two counts of failure to affix illegal drug tax stamps, I.C. §§ 63-4205(1), 63-4207(2). For trafficking, Rios-Lopez was sentenced to ten-year terms of imprisonment, with minimum periods of confinement of five years. For failure to affix illegal drug tax stamps, Rios-Lopez was sentenced to two-year terms of imprisonment, with minimum periods of confinement of one year. All sentences were ordered to run consecutively. Rios-Lopez subsequently filed an I.C.R. 35 motion for reduction of his sentences, which the district court denied. In an unpublished opinion, this Court affirmed Rios-Lopez's judgment of conviction, his sentences,

1

and the denial of his Rule 35 motion. *See State v. Rios-Lopez*, Docket Nos. 28078 and 29163 (Ct. App. Sept. 18, 2003). Rios-Lopez filed a pro se application for post-conviction relief and the district court appointed counsel, who subsequently filed an amended application. The district court summarily dismissed Rios-Lopez's application. This Court affirmed the summary dismissal of Rios-Lopez's application in an unpublished opinion. *See Rios-Lopez v. State*, Docket No. 30547 (Ct. App. Mar. 31, 2005).

On November 17, 2004, Rios-Lopez filed a successive application for post-conviction relief, asserting claims of ineffective assistance of counsel in his direct appeal, his post-conviction proceeding, and the appeal of his post-conviction proceeding. The district court appointed Rios-Lopez a public defender. On February 3, 2005, the district court allowed the public defender to withdraw due to a conflict of interest and appointed Rios-Lopez a substitute counsel. On April 26, 2005, Rios-Lopez filed a pro se motion to replace his substitute counsel, asserting that the substitute counsel had failed to contact him despite his repeated efforts to contact her. On June 9, 2005, Rios-Lopez requested a hearing on his motion where both he and his substitute counsel could be heard. At a status conference on June 13, 2005, the district court denied the request to replace the substitute counsel, reasoning that there was no allegation of a conflict of interest. Rios-Lopez was not present at this status conference. The district court subsequently granted the state's motion for summary disposition on July 25, 2005. Rios-Lopez appeals.

## II.

## ANALYSIS

Rios-Lopez argues the district court deprived him of procedural due process because the district court did not afford him with the opportunity to attend a hearing where he could present the facts and reasons in support of his motion to replace his substitute counsel.[1]

Although Rios-Lopez relies on the Due Process Clauses of both the United States and Idaho Constitutions, the due process guarantees derived from the two constitutions are

---

[1] Rios-Lopez only provides argument and authority on whether the district court violated his procedural rights in denying his motion. He provides no argument or authority on the merits of the district court's denial of his motion, and he has therefore waived a challenge to the district court's ruling on the merits. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

substantially the same. *See Rudd v. Rudd*, 105 Idaho 112, 115, 666 P.2d 639, 642 (1983). Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.* The test for determining whether state action violates procedural due process requires the Court to consider three distinct factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the existing procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Aeschliman v. State,* 132 Idaho 397, 402, 973 P.2d 749, 754 (Ct. App. 1999).

Here, the private interest at stake was Rios-Lopez's interest in securing assistance to adequately present the claims raised in his successive application for post-conviction relief. In a post-conviction relief action, applicants do not have a constitutional right to counsel. *Freeman v. State*, 131 Idaho 722, 724, 963 P.2d 1159, 1161 (1998); *Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995). Pursuant to I.C. § 19-4904, the district court *may*, rather than *shall*, order that an indigent applicant have a court-appointed attorney. *See Follinus*, 127 Idaho at 902 & n.1, 908 P.2d at 595 & n.1. If an applicant alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the applicant an opportunity to work with counsel and properly allege the necessary supporting facts. *Charboneau v. State,* 140 Idaho 789, 793, 102 P.3d 1108, 1112 (2004). If the district court appoints counsel, the district court may, for good cause, assign a substitute attorney. I.C. § 19-856. Therefore, while Rios-Lopez had an interest in securing assistance to adequately present his claims, his interest does not rise to the level of the constitutionally protected right to counsel.

The next factor we must consider is the risk that the procedures used by the district court would erroneously deprive Rios-Lopez of his interest in securing assistance to adequately present his claims and the probable value, if any, of additional or different procedural safeguards. The district court responded to Rios-Lopez's initial request for counsel by appointing him a public defender. The district court then appointed Rios-Lopez a substitute counsel because the original counsel had a conflict of interest which prevented representation of Rios-Lopez. Almost three

3

months after she had been appointed, Rios-Lopez's substitute counsel had not responded to his repeated attempts to contact her regarding his application for post-conviction relief. Rios-Lopez moved the district court to replace his substitute counsel, citing her failure to contact him. The district court did not ignore this request. Rather, the district court concluded, on the record at a status conference, that the failure to contact him was not grounds for replacing substitute counsel. The district court noted that, depending on the nature of the case, there was not necessarily "much communication to engage in" between an attorney and a prisoner in a post-conviction relief action.

Finally, the district court requested that counsel contact Rios-Lopez and notify him that she was aware of his case and working on it. The district court also concluded that there was no indication that substitute counsel had a conflict of interest which would impair her ability to represent Rios-Lopez. The district court did not provide Rios-Lopez with notice of the status conference where the court ruled on his motion, and Rios-Lopez was not present to argue his motion or offer evidence of good cause for the replacement of substitute counsel. His argument for replacing his substitute counsel, however, was clearly set forth in his written motion to replace his substitute counsel. If there existed any additional reasons why he believed himself entitled to new counsel, those reasons could have been presented to the district court in writing without the need for his presence at a hearing. Therefore, his presence would have added little to the proceedings.

The final factor we must consider is the state's interest in the expedient completion of post-conviction proceedings. In the present case, the district court had already dismissed Rios-Lopez's first application for post-conviction relief, and the state was now required to litigate his successive application. Requiring Rios-Lopez's attendance at a hearing whenever he was to challenge the competence of each successively-appointed counsel would further prolong post-conviction proceedings to the detriment of the state's interest.

Due process of law does not require a hearing in every conceivable case of government impairment of private interest. *Stanley v. Illinois,* 405 U.S. 645, 650 (1972). Rather, procedural due process requires an opportunity to be heard. *Kramer v. Jenkins,* 806 F.2d 140, 141 (7th Cir. 1986). Procedural due process is flexible and calls for such procedural protections as the particular situation demands. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *Aeschliman,* 132 Idaho at 402, 973 P.2d at 754. We conclude that the district court did not violate Rios-Lopez's

4

procedural due process rights because his written motion adequately apprised the district court of the basis for his request. In such a circumstance, the state's interest in the expedient completion of post-conviction proceedings warrants ruling on a motion to replace substitute counsel without providing Rios-Lopez the opportunity to present his grounds for the motion at a formal hearing.

Alternatively, we are not persuaded by Rios-Lopez's reliance on cases addressing the procedures necessary to rule on a criminal defendant's request to substitute counsel in criminal proceedings. *See State v. Nath,* 137 Idaho 712, 715, 52 P.3d 857, 860 (2002); *State v. Clayton,* 100 Idaho 896, 898, 606 P.2d 1000, 1002 (1980); *State v. Peck,* 130 Idaho 711, 713, 946 P.2d 1351, 1353 (Ct. App. 1997). Both a criminal defendant and an applicant for post-conviction relief may be appointed a substitute counsel if good cause is shown for such substitution. *See* I.C. § 19-856. However, determining whether good cause exists to substitute counsel for a criminal defendant differs from determining whether good cause exists to substitute counsel for an applicant for post-conviction relief because the underlying rights to counsel differ. A criminal defendant has a constitutional right to counsel; but, in Idaho, an applicant for post-conviction relief does not even have a statutory right to counsel. *See Follinus*, 127 Idaho at 902 & n.1, 908 P.2d at 595 & n.1. *See also* I.C. § 19-4904. Indeed, a claim of ineffective assistance of post-conviction counsel may not be brought because the applicant for post-conviction relief does not have a right to effective assistance of counsel. *See Follinus*, 127 Idaho at 902-03, 908 P.2d at 595-06. Because *Nath*, *Clayton*, and *Peck* address the procedures necessary to protect a criminal defendant's constitutional right to effective assistance of counsel in criminal proceedings, those cases are inapposite. Rather, the right Rios-Lopez asserts is his constitutional right to be afforded procedural due process in asserting that good cause existed to replace his court-appointed counsel. *Nath*, *Clayton*, and *Peck* do not address the procedural due process rights of an applicant for post-conviction relief seeking to replace his or her court-appointed counsel.

Even if *Nath*, *Clayton*, and *Peck* were applicable to post-conviction proceedings, these cases do not hold that a hearing on a motion for substitution of counsel is the only permissible method for the district court to afford a full and fair opportunity for a litigant to present the motion. In *Nath,* the Idaho Supreme Court held the district court erred because it had failed to conduct a complete assessment of the defendant's reason for requesting substitute counsel in his motion and the defendant had not been given the opportunity to explain his problems. *Nath,* 137 Idaho at 715, 52 P.3d at 860. In *Clayton,* the defendant contended that the district court erred in

5

denying his motion for substitute counsel following a hearing in which the defendant had asserted that his counsel lacked the desire to competently represent him. Because the defendant was accorded ample opportunity to recite any underlying facts giving rise to his subjective beliefs concerning appointed counsel's alleged incompetency, the Supreme Court determined that the district court did not abuse its discretion in refusing to substitute counsel. *Clayton*, 100 Idaho at 898, 606 P.2d at 1002. In *Peck,* this Court remanded the issue of substitution of counsel for a hearing where Peck could voice his concerns because the record revealed *no reason* for summarily rejecting the defendant's request for new counsel. *Peck,* 130 Idaho at 714, 946 P.2d at 1354.

These cases stand for the proposition that the trial court must afford a criminal defendant a full and fair opportunity to present the facts and reasons in support of a motion for substitution of counsel after having been made aware of the problems involved. *Nath,* 137 Idaho at 715, 52 P.3d at 860; *Clayton*, 100 Idaho at 898, 606 P.2d at 1002; *Peck,* 130 Idaho at 714, 946 P.2d at 1354. As discussed above, Rios-Lopez sufficiently presented the facts and reasons for his request to replace his substitute counsel in his written motion, and the district court adequately considered those facts and reasons when it denied the motion. Rios-Lopez does not now assert that he could have better articulated his grounds for good cause to have his substitute counsel replaced had he been afforded an opportunity to address the court at a hearing on his motion. The record therefore indicates that, even if *Nath*, *Clayton*, and *Peck* applied, the district court did not deprive Rios-Lopez of his rights.

### III.

### CONCLUSION

Rios-Lopez was not deprived of procedural due process when the district court denied his motion to replace his counsel without affording Rios-Lopez an opportunity to present the facts and reasons for the motion at a formal hearing. We therefore affirm the district court's summary dismissal of Rios-Lopez's application for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**