**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43549**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 42** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 23, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JAMES GREER DALY,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction *nunc pro tunc*, <u>remanded</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

GUTIERREZ, Judge

James Greer Daly appeals from the district court's judgment of conviction entered *nunc pro tunc* following post-conviction relief. Daly specifically argues the district court abused its discretion in denying his motion for substitute counsel and his related motion for a continuance made at his sentencing. For the reasons explained below, we remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Daly pled guilty to one count of lewd conduct with a minor under sixteen. At his sentencing hearing, Daly moved for substitute counsel. The district court summarily denied Daly's motion to obtain new counsel, as is reflected in the record:

> THE COURT:  I will take up State versus James Daly. Is the state ready to proceed?
> [STATE]:  I am, Your Honor. Thank you.

1

THE COURT: Is the defense?

[DEFENSE]: I'd like to take up a preliminary matter. I was most recently informed by Mr. Daly that he prefers to retain other counsel.

THE COURT: I'm not going to let counsel be shifted at this stage.

Daly's counsel then moved for a continuance and requested that new counsel take over the sentencing proceedings. The district court denied the continuance, indicating "we have already continued the sentencing in this case for a month to get an additional mental health evaluation, and I don't think that that would be a sensible course of action." The district court imposed a twenty-year sentence with three years determinate, retained jurisdiction for up to 365 days, and entered a judgment of conviction.

Daly filed a timely notice of appeal, arguing his sentence was excessive. However, the Supreme Court dismissed the appeal because Daly never paid the $100 deposit for preparation of the clerk's record. Daly subsequently filed a petition for post-conviction relief, alleging his trial counsel was ineffective in several respects, including trial counsel's failure to inform Daly of the $100 fee for the clerk's record. In the post-conviction action, the district court found that Daly's trial counsel was indeed ineffective in failing to advise Daly that he needed to pay the $100 fee on direct appeal.[1] The district court therefore determined the judgment of conviction would be re-entered to allow him to pursue his direct appeal. The district court subsequently entered judgment on July 23, 2015, noting:

> The petition for post-conviction relief is dismissed with prejudice as to all claims except that the Judgment of Conviction entered October 15, 2012 is to be re-entered *nunc pro tunc*, without reference to a retained jurisdiction program, so that the petitioner may appeal since judgment is entered in his behalf on that one claim only.[2]

Daly appeals from his judgment of conviction entered *nunc pro tunc*.

---

[1] The post-conviction action was voluntarily dismissed by Daly on appeal. *Daly v. State*, Docket No. 43542.

[2] The final judgment indicated the original judgment of conviction was entered on October 15, 2012. However, it was not filed until October 18, 2012.

ANALYSIS

## A.  Jurisdiction

As a threshold matter, the State maintains that Daly's notice of appeal is timely only from the judgment entered *nunc pro tunc*, rather than from the original judgment, and is therefore insufficient to challenge an error that occurred in relation to the original judgment.

Idaho Appellate Rule 14 provides that an appeal from a judgment of conviction in a criminal case be filed within forty-two days of the entry of judgment. A timely appeal is necessary to vest jurisdiction in this Court to review issues raised with respect to the district court's actions. *State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015).

In support of its argument, the State cites to *State v. Payan*, 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct. App. 1996), which held that if a judgment is amended, an appeal from that amended judgment is timely only as to matters that are actually altered by the amended judgment. Since the judgment *nunc pro tunc* allowed Daly to pursue his appeal because his attorney failed to notify Daly of the $100 fee on appeal, the State argues that Daly can only pursue the excessive sentence issue, which was the sole issue that was timely appealed from the original judgment. The State opines that the issues regarding the motions to substitute counsel and to continue sentencing were untimely from the original judgment and only timely as to the judgment *nunc pro tunc*.

*Payan* is distinguishable from the present case, however. In *Payan*, the judgment was amended to grant credit on the defendant's sentence. *Payan*, 128 Idaho at 866-67, 920 P.2d at 82-83. Here, the judgment was not amended, but rather was entered *nunc pro tunc* to allow Daly to pursue his appeal. "*Nunc pro tunc*" means "now for then." BLACK'S LAW DICTIONARY 1100 (8th ed. 2004). Idaho lacks precedent that explains the effect of *nunc pro tunc* judgments in criminal and post-conviction cases. On the civil side, we have explained that "when used in a judgment, the phrase [*nunc pro tunc*] signifies a relation back to a designated date, indicating that the judgment will be given anterior effect." *Ward v. Lupinacci*, 111 Idaho 40, 41-42, 720 P.2d 223, 224-25 (Ct. App. 1986). A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v.*

*State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). It therefore follows that *nunc pro tunc*, as understood on the civil side, has the same effect in post-conviction cases.

Neighboring states have recognized this same effect of judgments entered *nunc pro tunc* in both the criminal and civil contexts. *See, e.g.*, *State v. Lane*, 957 P.2d 9, 17 (Mont. 1998) (holding a nunc pro tunc order is a district court order made now of something which was actually done previously to have effect as of the former date); *Evans v. Brentmar*, 62 P.3d 847, 853 (Or. Ct. App. 2003) (holding a judgment nunc pro tunc has the effect of relating back a later judgment to an earlier date); *State v. Hendrickson*, 198 P.3d 1029, 1031 (Wash. 2009) (holding a nunc pro tunc order allows a court to date a record reflecting its action back to the time the action in fact occurred). Moreover, the Ninth Circuit has ruled that nunc pro tunc signifies now for then, or in other words, a thing is done now, which shall have same legal force and effect as if done at time when it ought to have been done. *United States v. Allen*, 153 F.3d 1037, 1044 (9th Cir. 1998); BLACK'S LAW DICTIONARY 964 (5th ed. 1979). This Court agrees with these principles of judgments entered *nunc pro tunc*, and we see no reason why such judgments would have different effects in civil, post-conviction, and criminal cases.

Turning back to the instant case, the judgment entered *nunc pro tunc* granting post-conviction relief relates back to the original judgment. It therefore effectively put Daly in the position he was in when the original judgment was entered. Because Daly can appeal any issues from the original judgment, so too can he appeal any issues from the judgment entered *nunc pro tunc*--he is not limited to appealing the excessive sentence issue. Thus, this Court has jurisdiction to address the district court's denial of Daly's motion to substitute counsel and his related motion to continue sentencing.

**B.     Right to Counsel of Choice**

Daly argues the district court abused its discretion when it denied his motion to substitute counsel and his related motion to continue sentencing. At the October 15, 2012, rescheduled sentencing hearing, Daly's defense attorney informed the district court that Daly wished to retain new counsel. Without conducting any inquiry, the district court summarily denied the request, indicating that it would not "let counsel be shifted at this stage." In response, Daly's counsel moved to continue, allowing for new counsel to take over the sentencing proceedings. The district court also denied Daly's motion for a continuance. It reasoned that sentencing had

4

already been continued for a month to get an additional mental health evaluation, and thus another continuance would not be a sensible course of action.

We note that the central issue here is whether Daly's right to counsel of choice was denied. This involves a constitutional issue; thus, we exercise free review. *State v. Abdullah*, 158 Idaho 386, 417, 348 P.3d 1, 32 (2015) ("Constitutional issues are pure questions of law over which this Court exercises free review."); *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997) (holding we freely review the application of constitutional principles to the facts as found).

The Sixth Amendment to the United States Constitution provides that "in *all* criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. CONST. amend. VI (emphasis added). An essential aspect of this right is the right of a defendant who can afford private counsel to choose who will represent him. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). A "[d]eprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *Id.* at 148. Thus, the erroneous denial of the right to counsel of choice is a structural error, and a court need not assess whether counsel was ineffective or whether the defendant was prejudiced by the error." *Id.* The right to counsel of choice is qualified, however. Indeed, the United States Supreme Court has recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar. *Id.* at 152; *Wheat v. United States*, 486 U.S. 153, 163-64 (1988); *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *see also State v. Carman*, 114 Idaho 791, 793, 760 P.2d 1207, 1209 (Ct. App. 1988).

Here, the summary denial of the motion for substitute counsel does not allow for our review of the district court's rulings. Both this Court and the Idaho Supreme Court have held that when a motion for substitute counsel is involved, the trial court has an obligation to afford the defendant "a full and fair opportunity to present the facts and reasons in support of [his] motion." *State v. Nath*, 137 Idaho 712, 715, 52 P.3d 857, 860 (2002); *State v. Clayton*, 100 Idaho 896, 898, 606 P.2d 1000, 1002 (1980); *State v. Peck*, 130 Idaho 711, 713, 946 P.2d 1351, 1353 (Ct. App. 1997). For instance in *Peck*, the defendant requested the district court discharge the public defender's office. *Peck*, 130 Idaho at 712, 946 P.2d at 1352. We found no indication in the record that the district court provided the defendant a full and fair opportunity to explain

5

his reasons for wanting to discharge the public defender's office. *Id.* at 713, 946 P.2d at 1353. Rather, the district court merely stated that the defendant's request appeared to be an attempt to manipulate the system, and the record did not provide a basis for that conclusion. *Id.* at 714, 946 P.2d at 1354. We remanded with instructions for the district court to conduct a hearing to determine whether the defendant possessed good cause for his request to substitute counsel. *Id.*

Here, too, the record does not reflect whether the district court inquired into Daly's reasons for wanting to substitute counsel or what the district court considered in making its decision to deny Daly's motions. Although *Peck*, *Clayton*, and *Nath* involve court-appointed counsel, we see no reason to differentiate between court-appointed counsel and privately retained counsel when both implicate the Sixth Amendment right to counsel. Thus, we remand for further proceedings, specifically for a hearing on the motion for substitute counsel and motion for a continuance. If the court finds that at the time of his sentencing hearing Daly was entitled to a new attorney, Daly's sentence must be vacated, and he must be afforded a new sentencing hearing with representation of substitute counsel. If, however, the court finds that Daly was not entitled to a new attorney, the judgment of conviction and sentence are upheld.

## III.
## CONCLUSION

We hold that Daly's appeal is timely, and this Court has jurisdiction to address the merits of Daly's appeal. However, the record before us is insufficient to make a determination on the district court's denial of Daly's motion to substitute counsel and his related motion to continue sentencing. We therefore remand for a hearing on the matter.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.