**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50025**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 13, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOHNNY RAY RICKS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Johnny Ray Ricks appeals, claiming that the district court erred by denying his request for appointment of substitute counsel. Ricks argues that a complete breakdown of communication warranted substitute counsel, and the district court's denial of his request for substitute counsel violated his constitutional right to counsel. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Police conducted a traffic stop and found methamphetamine and marijuana in Ricks' vehicle. The State charged Ricks with possession of marijuana and trafficking methamphetamine. Idaho Code §§ 37-2732(c)(3); 37-2732B(a)(4)(C). The trial date was set for Tuesday, June 14, 2022. On the Thursday before trial, Ricks' counsel informed him of a plea offer from the State. Ricks was not interested in the plea offer. During the conversation, Ricks learned that his counsel

1

had failed to file a motion to suppress which Ricks had previously requested, and counsel agreed to file. On the following day--Friday--Ricks' counsel filed the motion to suppress, and the State objected on the ground that the motion was untimely. On Monday, Ricks' counsel filed a motion to withdraw, claiming the attorney-client relationship had "broken down," and requested appointment of substitute counsel. On the morning of trial, the district court held an in-chamber hearing. The district court conducted an inquiry into the claim there was a communication breakdown. Ricks stated that his counsel refused to communicate, Ricks did not trust counsel, and counsel only wanted him to plead guilty. The district court denied the motion to withdraw and Ricks' request for appointment of substitute counsel. The jury found Ricks guilty of trafficking in methamphetamine and possession of a controlled substance. Ricks timely appeals.

## II.

## STANDARD OF REVIEW

"Whether substitute counsel should be provided is a decision that lies within the sound discretion of the trial court and will be reviewed on appeal for an abuse of discretion." *State v. Severson*, 147 Idaho 694, 702, 215 P.3d 414, 422 (2009). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Denial of a defendant's Sixth Amendment right to counsel is a constitutional question over which this Court exercises free review. *State v. Daly*, 161 Idaho 925, 927, 393 P.3d 585, 587 (2017); *State v. Abdullah*, 158 Idaho 386, 417, 348 P.3d 1, 32 (2015).

## III.

## ANALYSIS

Ricks argues the district court deprived him of his constitutional right to counsel when it denied his request for substitute counsel. Specifically, Ricks argues the district court should have granted his request because there was a total breakdown in communication with his counsel. The State argues the district court applied the correct legal standards and acted within its discretion by finding that Ricks failed to establish good cause for substitute counsel.

The Sixth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution guarantee the right to counsel. A trial court may appoint substitute counsel for an indigent defendant upon a showing of good cause. *Severson*, 147 Idaho at 702, 215 P.3d at 422; *see also* Idaho Criminal Rule 44.1. The right to counsel does not necessarily mean a right to the attorney of one's choice. *State v. Clark*, 115 Idaho 1056, 1058, 772 P.2d 263, 265 (Ct. App. 1989). A lack of confidence in otherwise competent counsel is not necessarily grounds for substitute counsel in the absence of extraordinary circumstances. *State v. McCabe*, 101 Idaho 727, 729, 620 P.2d 300, 302 (1980); *State v. Peck*, 130 Idaho 711, 713, 946 P.2d 1351, 1353 (Ct. App. 1997).

The district court must afford the defendant a full and fair opportunity to present the facts and reasons in support of his motion for substitution of appointed counsel. *State v. Clayton*, 100 Idaho 896, 898, 606 P.2d 1000, 1002 (1980). The district court must also conduct a meaningful inquiry to determine whether a defendant possesses good cause for his request for substitute counsel. *State v. Lippert*, 152 Idaho 884, 887, 276 P.3d 756, 759 (Ct. App. 2012); *State v. Lippert*, 145 Idaho 586, 596, 181 P.3d 512, 522 (Ct. App. 2007). Good cause includes an actual conflict of interest; a complete, irrevocable breakdown of communication; or an irreconcilable conflict. *Lippert*, 145 Idaho at 596, 181 P.3d at 522. Factors to be considered in examining the constitutional implications of a total breakdown in communication include whether: (1) the defendant's motion for new counsel was timely; (2) the trial court adequately inquired into defendant's reasons for making the motion; (3) the conflict was so great that it led to a total lack of communication precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown. *Id.* at 597, 181 P.3d at 523. If good cause is shown, the defendant is constitutionally entitled to the appointment of new counsel. *Id*. The district court's decision will only be regarded as an abuse of discretion if it violated the defendant's right to counsel. *Severson*, 147 Idaho at 702, 215 P.3d at 422.

The district court addressed the good cause factors relevant to the appointment of substitute counsel. Addressing the first factor, the district court determined the request, on the eve of trial, was not timely. Ricks contends that the request was timely because he only learned at the end of the week before trial that counsel had not filed a motion to suppress, which he asserted represented his best defense. However, timeliness is not necessarily gauged from the time Ricks learned that the suppression motion had not been filed. While Ricks requested substitute counsel soon after

3

learning that the motion to suppress had not been filed, the request was filed on the last working day before trial. At the time of the hearing on Ricks' request, the potential jurors were present and witnesses were on standby. The prosecutor also noted the district court's congested calendar. The district court did not err in finding that the request was untimely.

Next, Ricks acknowledges that the district court conducted a thorough inquiry. The district court noted the obligation to thoroughly inquire and allowed both counsel and Ricks to address the issue. The asserted basis for the request for the motion to withdraw and request for substitute counsel was an alleged total breakdown in communication. Ricks first met with counsel on February 22, 2022, at the preliminary hearing. According to Ricks, he and counsel discussed that a motion to suppress was likely his only viable defense to the charges, and that such a motion had been filed by Ricks' wife, who was his co-defendant as she was in the car when it was stopped. However, on the Thursday before the trial, when counsel called to inform Ricks of a plea offer from the State, counsel also advised Ricks that he had not filed the motion to suppress. Ricks complained to the court that counsel had failed to answer his previous calls or letters and after having failed to file the motion:

> I have lost all faith in him. I feel like he dropped the ball because--the main part of my case is that motion to suppress, and he knew that. . . . I don't want to say that it's on purpose, but it just don't feel right. I just can't trust him. I feel like I deserve an attorney I can trust.

Ricks told the district court that there was an impasse in regard to communications and that all counsel wanted was for him to plead guilty.

Ricks' counsel told the district court that he thought he had filed the motion to suppress. Counsel stated that, aside from the untimely motion to suppress, he and Ricks had communications and that the case was straightforward. Regarding a communication breakdown precluding an adequate defense, the district court stated:

> I don't see that here. I agree that there's some dispute in discussion about a motion to suppress, but I have heard nothing that tells me that [defense counsel] isn't competent and ready to proceed to trial at this point in time.
> . . . .
> [S]o I don't think there's total lack of communication between the two of you. I think you can proceed to trial in this case as it stands.

The district court found that, despite counsel not being in contact as much as Ricks wanted, counsel was adequately prepared and ready to proceed in the straightforward drug case. The district court determined counsel had been with Ricks since the preliminary hearing, counsel and

4

Ricks had communications, and counsel obtained discovery and had the opportunity to discuss it with Ricks.

Ricks takes issue with the district court's comment about "some dispute" regarding the motion to suppress. Ricks contends there was no dispute, only that counsel agreed to file the motion but did not. The district court was well-aware of Ricks' position regarding the communication attempts prior to the disclosure that the motion had not been filed. It appears that the district court gave some credence to Ricks' concerns about communication failures. Ricks further claims the district court erred in its finding that there was no total breakdown in communications based on counsel being competent to proceed. Yet, Ricks did not demonstrate that counsel was not competent to proceed or that there were breakdowns in communication regarding the upcoming trial. Ricks' argument was that he had lost trust in his counsel because counsel failed to file the motion to suppress in a timely manner. A lack of confidence in otherwise competent counsel is not necessarily grounds for substitute counsel in the absence of extraordinary circumstances. *McCabe*, 101 Idaho at 729, 620 P.2d at 302; *Peck*, 130 Idaho at 713, 946 P.2d at 1353. That the motion to suppress was untimely, and Ricks was understandably frustrated by that fact, does not equate to a breakdown in communications such that the trial could not proceed.

Accordingly, the record shows that, in determining whether good cause existed to justify the appointment of substitute counsel, the district court considered the appropriate factors. The record supports the district court's determination that good cause did not exist to justify the appointment of substitute counsel. The district court did not err by denying the motion to withdraw or the request for appointment of substitute counsel.

## IV.

## CONCLUSION

Ricks has failed to show the district court abused its discretion in denying defense counsel's motion to withdraw and to appoint substitute counsel. Accordingly, the district court's judgment of conviction is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.