IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 52288

| STATE OF IDAHO, | ) | |
| | ) | Opinion Filed: May 28, 2026 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | |
| ADRIANNA MARIE REEDER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction, <u>affirmed</u> and <u>case remanded in part</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; T. Michael MacEgan, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Adrianna Marie Reeder appeals from her judgment of conviction for two counts of grand theft arising from the possession and sale of a stolen firearm. Reeder argues that the district court erred by failing to conduct a sufficient inquiry before denying her request for substitute appointed counsel. For the reasons stated below, we affirm Reeder's judgment of conviction but remand the case for a hearing on Reeder's request for substitution of appointed counsel.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Reeder was charged with grand theft by possession of a stolen firearm, Idaho Code §§ 18-2403(4), -2407(1)(b)(6) and grand theft by disposing of a stolen firearm, I.C. §§ 18-2403(4), -2407(1)(b)(6). Reeder was given the firearm by her son's girlfriend. Reeder then sold the firearm to an individual working as a confidential informant. A few days after the sale, Reeder was arrested. Reeder was appointed a public defender, pleaded not guilty, and the matter was set

1

for a jury trial. On the morning of trial, Reeder's counsel indicated that Reeder had "lost complete confidence" in him and wanted him replaced with another court-appointed attorney. Ultimately, Reeder's counsel was not replaced and the matter proceeded to trial as scheduled. Reeder was found guilty as charged and judgment was entered. Reeder appeals.

## II.

## STANDARD OF REVIEW

This Court reviews a trial court's determination as to whether to appoint substitute counsel for an abuse of discretion. *State v. Nath*, 137 Idaho 712, 715, 52 P.3d 857, 860 (2002). The test to determine whether a trial court has abused its discretion consists of four parts, which include whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Article I, section 13 of the Idaho Constitution guarantees a criminal defendant reasonably competent assistance of counsel. *Dunlap v. State*, 141 Idaho 50, 58, 106 P.3d 376, 384 (2004). However, the right to counsel does not grant a defendant the right to an attorney of their choice. *State v. Lippert*, 145 Idaho 586, 594, 181 P.3d 512, 520 (Ct. App. 2007). "[M]ere lack of confidence in otherwise competent counsel is not necessarily grounds for substitution of counsel in the absence of extraordinary circumstances." *State v. McCabe*, 101 Idaho 727, 729, 620 P.2d 300, 302 (1980) (internal citations omitted).

"Upon being made aware of a defendant's request for substitute counsel, the trial court must afford the defendant a full and fair opportunity to present the facts and reasons in support of a motion for substitution of counsel." *State v. Gamble*, 146 Idaho 331, 336, 193 P.3d 878, 883 (Ct. App. 2008). However, the right to present facts and reasons in support of a motion to substitute counsel does not require the trial court to act as an advocate for the defendant in a criminal proceeding. *State v. Clayton*, 100 Idaho 896, 898, 606 P.2d 1000, 1002 (1980).

Here, when reviewing the record, we conclude Reeder was not given the opportunity to explain why she wanted substitute counsel. The entire discussion with the district court on the matter is as follows:

DEFENSE: Ms. Reeder has stated that she has lost complete confidence in me, that--she stated I'm not prepared for trial and that she would like me to withdraw as her lawyer.

COURT: All right. And so I'll hear the State's position on that request.

STATE: Well, Judge, I think the court needs to make some inquiry into Ms. Reeder about those statements, whether any additional time might be beneficial in order for her to feel confident proceeding forward with [defense counsel] and go from there.

COURT: Okay. Well, the court's initial response to that motion is that it intends to go forward with trial, and sometimes clients can feel the stress of trial and can feel that stress with regard to the representation they're getting, but to ask to continue the trial now for the idea of obtaining new counsel is just--it's just the wrong time to do it. It's just too late in the proceedings to do that.

Now, Ms. Reeder certainly has an opportunity to represent herself if she chooses to do that, or the right to do that. We could have that discussion if that's what she feels like she wants to do, but as things stand right now, I think that the issue of effective representation, the court hasn't seen anything in this record or anything in the pretrial hearings that would indicate that there is a concern for the court right now about ineffective assistance of counsel, but that can always be raised on a post-trial motion if it comes to that, if there's a verdict that allows such a motion for ineffective assistance, and so do you need a minute to talk with your client about self-representation or the ineffective assistance of counsel post-conviction relief option?

The district court did not question Reeder directly or provide her an opportunity to explain her concerns and spoke only to the prosecutor and defense counsel. Furthermore, before inquiring into why Reeder wanted substitute counsel, the district court said it was "too late in the proceedings to do that." While asking for a substitution of counsel the morning of trial is not ideal and a factor to be considered in the determination, the district court was still required to make a reasonable inquiry and assessment into the validity of Reeder's concerns. *Lippert*, 145 Idaho at 596, 181 P.3d at 522; *see also State v. Peck*, 130 Idaho 711, 714, 946 P.2d 1351, 1354 (Ct. App. 1997) (noting that even well-founded suspicions of intentional delay and manipulative tactics can provide no substitute for the inquiries necessary to protect a defendant's constitutional rights).

The State submits that *Herrera* is applicable here and "would apply to bar any finding of error." There are some similarities here to *Herrera*. For example, in *Herrera*, the district court's inquiry into Herrera's request for substitute counsel was limited and Herrera had no opportunity to speak on the issue because the district court directed all questions to Herrera's counsel. *Herrera*, 164 Idaho at 270, 429 P.3d at 158. Second, the district court made no inquiries into the reason

3

provided by Herrera's defense counsel as the basis for the request. *Id*. Rather, the district court simply reasoned, "I don't have any evidence of that, and so without having any evidence of that I'm denying the motion." *Id*. at 270-71, 429 P.3d at 158-59. That is similar to what occurred here--the district court engaged in a limited inquiry, spoke only to Reeder's counsel and the prosecutor, and concluded it was "too late" in the proceedings to raise the issue.

However, unlike in Reeder's case, the district court in *Herrera* considered items--letters--that were not contained in the appellate record. *Id*. at 271, 429 P.3d at 159. Because the Idaho Supreme Court had no way to verify whether the district court relied on the letters in reaching its decision, it presumed the evidence in the record justified the district court's decision. *Id*. Here, the State argues that Reeder "initially broached the subject with the district court in a conversation that occurred off the record in chambers," and because the discussion was off the record, there is an insufficient record for this Court to review. We disagree that the discussion in chambers occurred off the record. The only part of the discussion that is off the record is counsel's sidebar with the district court during trial. When the parties went into chambers, the discussion was again on the record and Reeder was present. As the district court indicated: "And so in a sidebar conference, [defense counsel] had indicated that there may be an issue about his continuing to represent Ms. Reeder, and so we needed to do that on the record here. [Defense counsel], you may address the court." During this on-the-record discussion, the district court did not question Reeder or provide her an opportunity to explain why she wished to have a different attorney. Thus, unlike in *Herrera*, we cannot conclude the district court relied on information that is not in the record or that the appellate record is incomplete or insufficient such that it would preclude our review of the district court's decision.

The State next argues "the district court determined that Reeder's claimed lack of confidence in her attorney was not supported by the record." However, unlike in *Herrera*, there is nothing in the district court's comments that indicate the district court found Reeder's concerns unfounded because of extrinsic evidence. Moreover, the district court made no comments about trial counsel's preparation or readiness for trial from which we could infer the district court rejected Reeder's claimed reason for substitute counsel.

The State argues that the district court gave Reeder ample opportunity to voice her concerns because "the district court never prohibited Reeder from further explaining her reasoning." We agree that nothing in the record suggests the district court prevented Reeder from speaking, which

this Court held was improper in *Peck*, 130 Idaho at 713-14, 946 P.2d at 1353-354. Conversely, the district court did not ask Reeder any questions about her concerns. The only options the district court offered Reeder were to talk to her trial counsel about representing herself or challenging her counsel's actions through a post-conviction petition:

> COURT: Okay. We're back on the record so--go ahead and have a seat. So the indication now from [defense counsel] with regard to Ms. Reeder is that we don't have to do any kind of discussion about self-representation. Have you discussed with her what is a post-conviction relief--
>
> DEFENSE: I have, Your Honor.
>
> COURT: --petition? Okay. So is there anything we should address before we go back in and take up this trial?
>
> DEFENSE: I don't believe so.
>
> COURT: All right.

But that conversation occurred after the district court told Reeder her only options were to proceed with counsel, represent herself, or raise an ineffective assistance of counsel claim through a post-conviction action.

Because the district court failed to inquire into the validity of Reeder's complaints or make any meaningful determination, we are unable to review whether Reeder had good cause for appointment of substitute counsel. The question is what remedy to provide for this error. Reeder argues her conviction must be vacated while the State argues the district court's inquiry was sufficient and therefore her conviction must be affirmed.

A similar issue was addressed in *Lippert*. In that case we concluded that the most appropriate remedy was not to vacate the conviction but to remand the case for a hearing where the district court must determine whether Lippert's complaints warranted substitute counsel and if so, to grant him a new trial. *Lippert*, 145 Idaho at 596, 181 P.3d 512, 522. We held that this course of action sufficiently protects a defendant's Sixth Amendment rights without burdening the system with new trials when the defendant's complaints lack merit." *Id*.

As in *Lippert*, we remand this case for further proceedings consistent with this opinion. On remand, the district court should conduct a hearing to determine whether Reeder possessed good cause for her request for substitute counsel on the morning of trial. Good cause includes an actual conflict of interest; a complete, irrevocable breakdown of communication; or an irreconcilable conflict which leads to an apparently unjust verdict. *Id*. Good cause may not be manufactured by the defendant by abusive or uncooperative behavior. *Id.* at 597, 181 P.3d at 523.

5

"While loss of trust is certainly a factor in assessing good cause, a defendant seeking substitution of assigned counsel must nevertheless afford the court with legitimate reasons for the lack of confidence." *McKee v. Harris*, 649 F.2d 927, 932 (2d Cir. 1981).

If the district court finds that on the morning of trial Reeder was entitled to substitution of counsel, Reeder's judgment of conviction must be vacated, and she must be afforded a new trial with the representation of substitute counsel. *Lippert*, 145 Idaho at 597, 181 P.3d at 523.

## IV.

## CONCLUSION

The district court did not conduct an adequate inquiry into Reeder's complaints about her court-appointed counsel on the morning of the first day of her trial. We therefore remand for further proceedings consistent with this opinion, to give Reeder a full and fair opportunity to present facts and reasons in support of her motion for substitute counsel. If Reeder's complaints about her appointed counsel amount to good cause justifying the appointment of substitute counsel, the district court must also grant Reeder a new trial. However, if the district court determines Reeder's request for substitution of counsel was unfounded, Reeder's judgment of conviction will be affirmed.

Judge LORELLO and Judge Pro Tem MELANSON, CONCUR.

6